

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

MANHATTAN MAGNOLIA CORP.,          )          Case No.: 99-8164-CIV-WPB-HURLEY
et al.,                            )
       Plaintiffs,             )
vs.                                )
                                  )
RAYMOND UNTERBURGER, et al.,       )
                                  )
       Defendants.             )
_____    )

### DEFENDANT'S THIRD RENEWED
### MOTION TO DISMISS FOR VIOLATION OF LOCAL RULE 4,
### SPECIAL RULES OF THE SOUTHERN DISTRICT OF FLORIDA,
### AND THIRD RENEWED OPPOSITION OF
### DEFENDANTS RAYMOND UNTERBURGER,
### CHERYL UNTERBURGER, MEREDITH T. RANEY, ERIC OLSON,
### WILLIAM L. LESTOURGEON, JOHN ("JAY") C. ROGERS,
### PATRICIA ("PAT") MCEWEN, MICHELLE HERZOG,
### RICHARD VANDERBILT AND PATRICIA VANDERBILT
### TO APPLICATION OF ROY LUCAS TO
### APPEAR PRO HAC VICE AND MEMORANDUM IN SUPPORT

COME NOW the Defendants, by and through their undersigned counsel, and move this

Honorable Court for an Order dismissing this action for violation of Local Rule 4,

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 1
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

Special Rules of the Southern District of Florida.  Additionally, Defendants renew their request served on May 19, 1999, and again on January 27, 2000, that this Court deny the application of Roy Lucas to Appear pro hac vice in the United States District Court for the Southern District of Florida in light of his abuse of the pro hac vice privileges in this jurisdiction and in the United States District Court for the Middle District of Florida, and in support thereof would state as follows:

1.      On April 8, 1999, Plaintiff's prior Local Counsel, Rosemarie Richards of the firm Richard & Richard, P.A., filed a Motion for Pro Hac Vice Admission for Mr. Roy Lucas to serve as Plaintiff's lead counsel.  Pursuant to Local Rule 4. B., Special Rules of the Southern District of Florida, the Motion was supported by Ms. Richards' consent to act as Local Counsel in this matter.

2.      On April 9, 1999, this Court entered an Order granting pro hac vice status to Plaintiff's lead counsel, Mr. Roy Lucas.

3.      On January 26, 2000, Ms. Richards served a Notice of Rosemarie Richard's Withdrawal of Consent of Designation as Plaintiff's Local Counsel and a proposed order granting her request to withdraw.  (See attached exhibit 1).

4.      Pursuant to Local Rule 4. B., Special Rules of the Southern District of Florida, all pro hac vice applications must be supported by "a member of the bar of this Court who maintains an office in this District for the practice of law with whom the Court and opposing counsel may communicate regarding the conduct of the case and upon whom papers shall be served."

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 2
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

5.     Pursuant to Local Rule 4. B., Special Rules of the Southern District of Florida, Defendants move this Honorable Court for an order dismissing this action for violation of Local Rule 4. B.  Mr. Lucas does not have Local Counsel supporting his application to appear pro hac vice.

6.     Additionally, pursuant to Local Rule 4. B., Special Rules of the Southern District of Florida, Defendants move this Honorable Court for an order dismissing this action for violation of Local Rule 4. B. because, as stated below, Mr. Lucas has abused the privilege of appearing pro hac vice in the state of Florida.

7.     On May 19, 1999, the undersigned served the Opposition of Defendants Raymond Unterburger, Cheryl Unterburger, Meredith T. Raney, Eric Olson, William L. Lestourgeon, John ("Jay") C. Rogers, Patricia ("Pat") McEwen, Michelle Herzog, Richard Vanderbilt and Patricia Vanderbilt to Application of Roy Lucas to Appear Pro Hac Vice and Memorandum in Support.

8.     On January 27. 2000, the undersigned served the Renewed Opposition of Defendants Raymond Unterburger, Cheryl Unterburger, Meredith T. Raney, Eric Olson, William L. Lestourgeon, John ("Jay") C. Rogers, Patricia ("Pat") McEwen, Michelle Herzog, Richard Vanderbilt and Patricia Vanderbilt to Application of Roy Lucas to Appear Pro Hac Vice and Memorandum in Support.

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 3
C:\ClientALf\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

9.     The basis of the Defendants' Opposition is that Mr. Lucas is abusing the privilege of appearing pro hac vice in this Court and the state of Florida because he is litigating numerous cases in Florida courts under the auspicious of pro hac vice admission.

10.    On February 17, 2000, this Honorable Court held a Status Conference.  At the Status Conference, the undersigned respectfully requested that this Honorable Court note Mr. Lucas' violation of Local Rule 4. B.  This Honorable Court granted an Order allowing Ms. Richards to withdraw as local counsel.

11.    On February 29, 2000, this Honorable Court entered an Omnibus Order Staying Case, Requiring Compliance with the Local Rules, and Denying as Moot Pending Motions.  The Omnibus Order specifically held that Mr. Lucas must retain Local Counsel to comply with Local Rule 4. B. within ten days and that "Mr. Lucas shall also file a verified notice listing any case in which he has appeared as counsel that was filed on or after January 1, 1998 in any court located within the state of Florida."   (See attached exhibit 2).

12.    The February 29, 2000, Omnibus Order further held that, "Defendants' motion to dismiss [DE #50] is **DENIED**.  However, the court will entertain a new motion should Mr. Lucas fail to comply with the local rules or this order." (See attached exhibit 2).

13.    Mr. Lucas did originally retain Mr. Robert Saylor as Local Counsel to comply with this Honorable Court's February 29, 2000, Omnibus Order.  Mr. Saylor

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 4
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

then filed his Motion to Withdraw as Local Counsel.  On May 23, 2000, this Honorable Court entered an Order granting Mr. Saylor's Motion to Withdraw as Local Counsel.   (See attached exhibit 3).  As before (when Ms. Richard's was granted permission to withdraw as Local Counsel), Mr. Lucas is again in violation of Local Rule 4. B as well as this Honorable Court's February 29, 2000, Omnibus Order.

14.     Additionally, as of the date of serving this Third Renewed Motion, Mr. Lucas has failed to comply with the February 29, 2000, Omnibus Order.  Mr. Lucas has not filed any notice, verified or otherwise, "listing any case in which he has appeared as counsel that was filed on or after January 1, 1998 in any court located within the state of Florida."

15.     Following the Status Conference, Mr. Lucas corresponded with the undersigned in a memo wherein Mr. Lucas stated, "I am surprised that you continue to oppose my *pro hac vice* participation in these cases.  Your continued harassment on such a minor matter surely discredits you . . . .  Those are no-win non-issues and a waste of your time."

16.     In light of Mr. Lucas' failure to comply with this Honorable Court's Omnibus Order, the undersigned respectfully requests that this Third Renewed Motion not be <u>denied</u> until after Mr. Lucas does comply because the verified notice demanded by this Court's Omnibus Order could reveal additional cases as yet unknown to this Court and the undersigned.  However, because Mr. Lucas has

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 5
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

repeatedly demonstrated his unwillingness to comply with court orders (as revealed below), the undersigned respectfully requests that this Third Renewed Motion to be granted due to Mr. Lucas' failure to comply.

17.   As of the date of serving this Third Renewed Motion, the undersigned is not aware of all the cases in which Mr. Lucas "has appeared as counsel that was filed on or after January 1, 1998 in any court located within the state of Florida." However, the following provides a summary of some cases known to the undersigned.

18.   In December 1998, Mr. Lucas filed an action as plaintiffs' lead counsel and continued to appear pro hac vice in the United States District Court in and for the Middle District of Florida as plaintiff's lead counsel in the case of *Ocala Women's Center, Inc., et al. vs. City of Ocala, Florida, et al.*, Case No.: 98-371-CIV-OC-10C.  The court dismissed the case because Mr. Lucas failed to prosecute the case or cooperate with discovery.  Like this case, in the *Ocala Women's Center, Inc., et al. vs. City of Ocala, Florida, et al.*, case, Mr. Lucas sought a stay of the proceedings and then simply failed to cooperate in discovery or prosecute the case.  The court dismissed the case and held that if Mr. Lucas brought the action again, the defendants "may renew the claims for attorney's fees as a condition to the maintenance of such action."  (See attached exhibit 4). Mr. Lucas then appealed the case to the Eleventh Circuit Court of Appeals.

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 6
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

However, Mr. Lucas failed to file his briefs on appeal. The Eleventh then dismissed the appeal.

19.     On January 4, 1999, Mr. Lucas filed an action as plaintiffs' lead counsel and continued to appear pro hac vice in the United States District Court in and for the Middle District of Florida as plaintiff's lead counsel in *Aware Women's Center For Choice, Inc. v. Raney*, Case No. 99-05-CV-ORL-19C. In the *Aware Women's Center For Choice, Inc. v. Raney*, case, attorney's fees and costs were awarded against Mr. Lucas and the plaintiffs because the court found they engaged in "vexatious conduct". (See attached exhibit 5). In that case, the court dismissed the action holding that:

> The plaintiffs have been delinquent in prosecuting this case. As evidence, the plaintiffs have failed to serve many of the defendants. When asked to explain their failure, the plaintiffs stated that, while they had in fact served the defendants with the complaint, "the initial round of service included only the complaint, not a Court-issued summons," (Doc. 42.) The plaintiffs offered to complete service on June 2, 1999, but the record is devoid of any evidence that the plaintiffs effected the promised service. Additionally, the plaintiffs have failed to file a case management report. In response to an order to show cause, the plaintiffs asked for an extension of time to file the report because, among other reasons, the plaintiffs wanted to amend their complaint. (Doc. 54.) Finally, the plaintiffs have failed to file any responses to several of the defendants' motions, including two motions to dismiss (docs, 40, 44), a motion for summary judgment (doc. 48), and a motion for rule 11 sanctions (doc. 55). Because the plaintiffs have failed to serve several of the defendants, have failed to file a case management plan, and have failed to respond to several of the defendants' motions, the plaintiffs' case should be dismissed."

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 7
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

(See attached exhibit 5).

20.   On March 2, 1999, Mr. Lucas filed this action in the United States District Court in and for the Southern District of Florida as Plaintiff's lead counsel. As in all the other cases brought by Mr. Lucas, he has again failed to communicate with counsel. In this case, however, he additionally failed to communicate with his own Local Counsel. On January 26, 2000, the original Local Counsel for Plaintiffs, Ms. Richards, served a Notice of Rosemarie Richard's Withdrawal of Consent of Designation as Plaintiff's Local Counsel and a proposed order granting her request to withdraw. The withdrawal was sought because Mr. Lucas failed to communicate with his own Local Counsel despite her repeated calls and letters to Mr. Lucas.

21.   For over one year, Mr. Lucas has also appeared pro hac vice in the United States District Court in and for the Middle District of Florida as defendant's lead counsel in *Raney v. Aware Women's Center For Choice, Inc.*, Case No.: 97-1197-CV-ORL-19B.

22.   The undersigned never received a copy of Mr. Lucas' application for admission to appear in this action pro hac vice thereby causing the initial delay in filing the May 19, 1999, Opposition.

23.   Pursuant to Local Rule 7.1.A.3., counsel for the Defendants named herein has attempted to confer with counsel for the Plaintiffs, Mr. Lucas. As has been his course of practice throughout this case (even in relation to his prior Local

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 8
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

Counsel), Mr. Lucas has failed to communicate with the undersigned regarding the contents of this motion.

24.     The Defendants named herein who have not been served do not, by entering this motion, waive service of process or any other defense based upon service of process and/or jurisdiction.

### MEMORANDUM OF LAW

Pursuant to this Honorable Court's February 29, 2000, Omnibus Order Staying Case, Requiring Compliance with the Local Rules, and Denying as Moot Pending Motions and pursuant to Local Rule 4. B., Special Rules of the Southern District of Florida, Defendants move this Honorable Court for an order dismissing this action for violation of the Omnibus Order and Local Rule 4. B. As of the date of serving this Third Renewed Motion, Mr. Lucas has failed to comply with the February 29, 2000, Omnibus Order and he does not have Local Counsel. Mr. Lucas has not filed any notice, verified or otherwise, "listing any case in which he has appeared as counsel that was filed on or after January 1, 1998 in any court located within the state of Florida." As stated below, Mr. Lucas has abused the privilege of appearing pro hac vice in this Honorable Court.

Pursuant to Disciplinary Rule 10-Attorneys Specially Admitted, whenever an attorney applies to be admitted or is admitted to this Court for purposes of a particular proceeding (pro hac vice), the attorney shall be deemed thereby to have conferred disciplinary jurisdiction upon this Court for any alleged misconduct arising in the course of or in the preparation for such a

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 9
C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

proceeding which is a violation this Court's Local Rules and/or the Rule of Professional Conduct adopted by this Court as provided in these Rules.

According to Rules of Professional Conduct Rule 4-8.5, a lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction although engaged in practice elsewhere.  The Comments of Rule 4-8.5 state that if the lawyer's activity in a jurisdiction is substantial and continuous, it may constitute the practice of law in that jurisdiction.

The undersigned is aware that Mr. Lucas has applied pro hac vice and appeared four times (at least) in four separate cases in a very short time.  Due to Mr. Lucas' failure to comply with this Honorable Court's February 29, 2000, Omnibus Order Staying Case, Requiring Compliance with the Local Rules, and Denying as Moot Pending Motions, <u>the undersigned is not aware of all the cases in the state of Florida in which Mr. Lucas may have appeared</u>.  Mr. Lucas has practiced law in (at least) three cases in the courts of the Middle District of Florida and in this case in the Southern District of Florida.  The frequency of pro hac vice appearances within such a limited time span in (at least) four separate cases gives rise to the abuse of the pro hac vice privilege.  His appearance in this district will constitute (at least) the forth attempt. Four pro hac vice appearances within such a limited time are "substantial and continuous" and constitute the practice of law without being admitted to The Florida Bar.  Pursuant to Florida Rules of Judicial Administration Rule 2.060(b), attorneys of other states shall not engage in a general practice in Florida unless they are members of The Florida Bar in good standing.

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 10
C:\ClientALL\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

In *Keller Industries, Inc. v. Yoder*, 625 So. 2d 82 (1st DCA Fla. 1993), the court upheld a pro hac vice request in which the attorney appeared three times, within three years.  The court viewed these appearances in Florida as limited in that they did not constitute the general practice in of law in Florida thereby requiring that counsel become a member of the Florida Bar.  In contrast, Mr. Lucas has appeared (at least) four times in Florida -- three times as lead counsel for plaintiffs and once as defense counsel -- with filing separated by <u>less than four months</u>.  Under this analysis, these appearances are not limited but are frequent.  Therefore, Mr. Lucas's pro hac vice appearances are activities that can be characterized as "substantial and continuous" thus constituting the practice of law in Florida.

WHEREFORE the Defendants, by and through their undersigned counsel, hereby move this Honorable Court for an Order dismissing this action in light of Mr. Lucas' failure to comply with this Honorable Court's February 29, 2000, Omnibus Order Staying Case, Requiring Compliance with the Local Rules, and Denying as Moot Pending Motions and as a violation of Local Rule 4, Special Rules of the Southern District of Florida.  Additionally, Defendants renew their requests served on May 19, 1999, January 27, 2000, and April 5, 2000, that this Court deny the application of Roy Lucas to Appear pro hac vice in the United States District Court for the Southern District of Florida for the abuse of the pro hac vice privileges in this jurisdiction and in the state of Florida.

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 11
C:\ClientALf\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served on

all parties required to be served on this _25TH_ day of May, 2000, by first class U.S. Mail delivery

to:

**Plaintiffs' Counsel:**
ROY LUCAS
Post Office Box 141064
Orlando, Florida 32814-1064

**Defendants' Counsel:**
CHARLES SCHEELER
38 South Charles Street
Baltimore, MD 21201-3018

JOHN MARINO
50 North Laura Street
Suite 2800
Jacksonville, Florida  32202

Frederick H. Nelson
Trial Attorney
Florida Bar No. 0990523
American Liberties Institute
P.O. Box 547503
Orlando, FL  32854-7503
(407) 786-7007 - voice
(407) 786-2705 - fax
Attorney for Defendants
Raymond Unterburger, Cheryl
Unterburger, Meredith T. Raney, Eric Olson, William L. Lestourgeon, John ("Jay") C. Rogers,
Patricia ("Pat") McEwen, Michelle Herzog, Richard Vanderbilt and Patricia Vanderbilt

Defendants' Third Renewed Motion to Dismiss and
Renewed Opposition to Admission Pro Hac Vice - Page 12

C:\ClientALI\Manhatten vs. Unterburger, et al\Pleadings\MotiontoDismissforviolationofProHacVice - 3rd Renewed.wpd

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

MANHATTAN MAGNOLIA CORP.,. a
Florida Corporation, t/a/ AWARE WOMAN
MEDICAL CENTER; AWARE WOMAN
CENTER FOR CHOICE, INC., a Florida
Corporation; EDWARD W. (TODD)
WINDLE, III, WENDY LaVIGNA, ELLEN
MORITZ, CHERYL PFAU, and SHARON
BRANIN, individually and on behalf of the
classes of patients, staff, physicians, invitees,
guests, and independent contractors
damaged by defendants,

    Plaintiffs,

vs.

RAYMOND UNTERBURGER, ERIC
OLSON, CHERYL UNTERBURGER,
MEREDITH TROTTER RANEY, JR.,
WILLIAM LeSTOURGEON, JOHN C.
"JAY" ROGERS, PATRICIA McEWEN,
RICHARD VANDERBILT, PATRICIA
VANDERBILT, MICHELLE HERZOG and
JOHN & JANE DOES & MOES I-X;
COMPUSERVE, INCORPORATED, a
corporation doing business in Florida; TML
INFORMATION SERVICES, INC.. a
corporation doing business in Florida; and
DOE CORPORATIONS I-X. their agents,
assigns, collaborators, accomplices,
confederates, aiders & abettors. successors
in interest. those acting in concert or
participating with them. and the class of
individuals and entities similarly situated as
to the named defendants.

    Defendants.

CASE NO. 99-8164-CIV-HURLEY

MAGISTRATE JUDGE VITUNAC

**NOTICE OF ROSEMARIE RICHARD'S
WITHDRAWAL OF CONSENT OF
DESIGNATION AS PLAINTIFF'S
LOCAL COUNSEL**

The undersigned hereby withdraws her consent to be designated as local counsel in this

matter, pursuant to S.D. Fla. L.R. 4(B), and further states as follows:



EXHIBIT

_1_

1.     The undersigned is a member in good standing of the Florida Bar and of the Southern District Court.

2.     Attorney Roy Lucas, who is not admitted to the Florida Bar or the Southern District Court, represents Plaintiffs in this action. Prior to filing this action, Mr. Lucas asked the undersigned to serve as designated local counsel in this matter. The undersigned agreed, and Mr. Lucas filed his Motion for Pro Hac Vice admission, with the undersigned's consent to designation as local counsel.

3.     Mr. Lucas has ceased all communication with the undersigned, and has refused to inform her regarding the status of the case. Although serving only as local counsel, the undersigned believes it is imperative to be apprized of the case status. As such, the undersigned has left telephone messages on Mr. Lucas' answering machine, and has sent Mr. Lucas various forms of correspondence, including by U.S. mail and via e-mail, which is Mr. Lucas' preferred method of communication. Mr. Lucas has refused to respond to all of these communication efforts.

4.     Because of Mr. Lucas' refusal to communicate with the undersigned regarding this case, the undersigned can no longer consent to the designation as local counsel. As such, her consent is withdrawn, and she respectfully asks this Court to enter an Order confirming this withdrawal.

Respectfully submitted,

_____
ROSEMARIE RICHARD
Florida Bar Number 0050253
RICHARD & RICHARD, ATTORNEYS AT LAW, P.A.
725 Colorado Avenue
Stuart, FL 34994
(561) 223-9600 Telephone
(561) 223-0859 Facsimile

2

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via U.S. Mail to ROY LUCAS, Esquire, Post Office Box 1433, Melbourne, FL 32902 and FREDERICK NELSON, ESQ., PO Box 547503, Orlando, FL 32854-7503 this 26th day of January, 2000.

ROSEMARIE RICHARD
Florida Bar Number 0050253
RICHARD & RICHARD, ATTORNEYS AT LAW, P.A.
725 Colorado Avenue
Stuart, FL 34994
(561) 223-9600 Telephone
(561) 223-0859 Facsimile

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



MANHATTAN MAGNOLIA CORP.,
et al.,

            Plaintiffs,

v.                                        CASE NO. 99-8164-CIV-HURLEY

RAYMOND UNTERBURGER,
et al.,

            Defendants.

_____/

## OMNIBUS ORDER STAYING CASE, REQUIRING COMPLIANCE WITH THE LOCAL RULES, AND DENYING AS MOOT PENDING MOTIONS

THIS CAUSE is before the court following a status conference held February 17, 2000. Based on the representations made by counsel for the parties at the conference and the relevant pleadings, it is hereby

**ORDERED and ADJUDGED:**

1.      Rosemarie Richard's withdrawal of consent to be plaintiffs' local counsel designee [DE #49] is **GRANTED**.

2.      All further proceedings in this case are **STAYED** until plaintiffs' attorney, Roy Lucas, Esq., complies with the requirements of Rule 4(B) of the Southern District of Florida's Special Rules Governing the Admission and Practice of Attorneys, including the designation of an attorney who is a member of the bar of the Southern District of Florida and who maintains an office within this district.

3.      Within ten (10) days of the date of this order, Mr. Lucas shall file a verified notice stating he has complied with Rule 4(B) and specifying plaintiffs' designated local counsel.





CASE NO. 99-8164-CIV-HURLEY
Omnibus Order

4.    Concurrent with the notice required in 3, Mr. Lucas shall also file a verified notice listing any case in which he has appeared as counsel that was filed on or after January 1, 1998 in any court located within the state of Florida.

5.    Defendants' motion to dismiss [DE #50] is **DENIED**.  However, the court will entertain a new motion should Mr. Lucas fail to comply with the local rules or this order.

6.    The following motions are **DENIED as moot**:  DE ## 8, 21, 23, 26, 29, 36, 47.


**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida, this __2nd__ day of February, 2000.


Daniel T. K. Hurley
United States District Judge


Copies furnished to:
Roy L. Lucas, Esq.
Lance P. Richard, Esq.
Charles P. Scheeler, Esq.
John P. Marino, Esq.
Frederick Nelson, Esq.

For updated court information, visit unofficial Web site
at http://sites.netscape.net/usctssodfla/homepage



# United States District Court

## Southern District of Florida

**NOTICE**: Only the WPB Division is completely noticing via FaxBack, you must continue to provide envelopes for all other matters before this Court.

Notice of Orders or Judgments

Date:                02/29/:0

To:     Frederick Herbert Nelson
        American Liberties Institute
        PO Box 547503
        Orlando, FL  32854

Re: Case Number:        9:99-cv-08164            Document Number:        56

If this facsimile cannot be delivered as addressed, please call (305)523-5212.
If this transmission does not complete, it will be re-sent, up to five times.

                                        3

Number of pages including cover sheet:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

Case No:  99-8164-CIV-WPB-HURLEY

MANHATTAN MAGNOLIA CORP.,
AWARE WOMAN MEDICAL CENTER, et al.,

        Plaintiffs,

vs.

RAYMOND UNTERBERGER,
ERIC DANIEL OLSON,
MEREDITH TROTTER RANEY, et al.,
COMPUSERVE, INCORPORATED,
TML INFORMATION SERVICES, INC., et al.,

        Defendants.



FILED by _____ D.C.

MAY 2 3 2000

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING MOTION TO WITHDRAW

THIS CAUSE came before this Honorable Court upon the Motion to Withdraw of Robert L. Saylor, Esquire / Law Offices of Robert L. Saylor, P.A. as co-counsel for the Plaintiffs. Having been advised of the premises thereof, and after due consideration of the Motion to Withdraw,

IT IS HEREBY ORDERED AND ADJUDGED:

THAT Plaintiffs' co-counsel's Motion to Withdraw is **GRANTED**. Robert L. Saylor, Esquire / Law Offices of Robert L. Saylor, P.A. will be removed from the record as co-counsel for Plaintiffs in this matter.

DONE AND ORDERED this _22nd_ day of _May_, 2000.

EXHIBIT

3

The Honorable **DANIEL T. K. HURLEY**
UNITED STATES DISTRICT JUDGE

Copies furnished to:

COUNSEL FOR DEFENDANTS'
UNTERBERGER, OLSON, RANEY,
LeSTOURGEON, ROGERS, VANDERBILT,
HERZOG & McEWEN:

PLAINTIFFS (c/o co-counsel for Plaintiffs)
& CO-COUNSEL FOR PLAINTIFFS:

ROY LUCAS, Esquire
c/o Post Office Box 1433
Melbourne FL 32902-1433

FREDERICK NELSON, Esquire
Post Office Box 547503
Orlando FL 32854-7503

RICHARD & RICHARD, P.A.
Colorado Office Plaza
725 Colorado Avenue
Stuart FL 34994

COUNSEL FOR DEFENDANT/ COMPUSERVE:

CHARLES P. SCHEELER, Esquire
38 South Charles Street
Baltimore MD 21201-3018+

SCOTT R. ROST, Esquire
229 Park Avenue, North
Winter Park FL 32689

COUNSEL FOR DEFENDANT AMI:

ROBERT L. SAYLOR, Esquire
1-B The Barristers
1615 Forum Place
West Palm Beach FL 33401

JOHN P. MARINO, Esquire
50 North Laura Street - Suite 2800
Jacksonville FL 32262

Page 2 of 2

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

1999 DEC 17  AM 8:48

OCALA WOMEN'S CENTER, INC.,
a Florida Corporation, and
JAMES PENDERGRAFT, M.D.,
on their own behalves and for
the class of patients, staff, and
associated physicians,

       Plaintiffs,

-vs-                        CASE NO. 98-371-Civ-Oc-10C

CITY OF OCALA, et al.,

       Defendants.
_____/

## ORDER OF DISMISSAL

      This case is before the Court on Defendant Martin's motion to dismiss for lack of prosecution and to assess attorney's fees and costs (Doc. 101). Defendants Ken Ergle, Morrey Deen, Horace "Ed" Dean, and Marion County have filed notices (Docs. 102, 103, 110, 111) adopting Defendant Martin's motion to dismiss. The Plaintiffs have failed to file any response to the motion. For the reasons that follow, the Court agrees that this case has not been diligently prosecuted and should be Dismissed.

      Plaintiffs initiated this action on December 10, 1998, alleging claims against the City of Ocala and Marion County under 42 U.S.C. §1983-1986 for alleged violations of the equal protection and due process clauses of the Fourteenth Amendment, and against all Defendants for invasions of state and federal privacy rights, negligent infliction of emotional distress, interference with business and professional relationships, and civil

EXHIBIT

4

conspiracy.  The complaint also asserted multiple violations of the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. §248, by Defendants Martin and Raney, et al. Plaintiffs sought preliminary injunctive relief, and on April 27, 1999, after a hearing, the Court entered an order (Doc. 49) granting in part and denying in part the Plaintiffs' application for a preliminary injunction.  The Court subsequently denied Plaintiffs' motions to reconsider (Doc. 59) and for further preliminary injunctive relief (Doc. 62); however, the Court permitted the Plaintiffs to file an Amended complaint (Doc. 70).  The Plaintiffs then instituted interlocutory appeals (Docs. 63 & 80) from both orders under 28 U.S.C. §1292(a) and sought to have the action stayed in the District Court pending resolution of the appeals.  By order entered August 31, 1999 (Doc. 82), the Court denied the motion for stay.  The Plaintiffs then filed, under seal, a second motion seeking a stay of all discovery pending the appeals or "in the further alternative Plaintiffs' voluntary dismissal under Rule 41."  By order dated October 21, 1999 (Doc. 100), the Court again found no basis to stay discovery and denied the motion.  The Court also noted that it was then unclear whether the Plaintiffs intended to voluntarily dismiss the action at that time and stated that if "the Plaintiffs now wish to pursue voluntary dismissal under Rule 41, they are free to do so at any time by filing a separate notice or pleading which complies with the rule."  The Plaintiffs did not thereafter file a notice of dismissal.

Subsequent to the filing of the amended complaint (Doc. 70), the Defendants filed numerous motions to dismiss, to strike, and to compel discovery.  In particular, Defendant moved for sanctions (Docs. 89, 93, & 95) when Plaintiffs failed to produce Dr. James Pendergraft for a previously scheduled deposition on September 14, 1999. Prior to the deposition, Plaintiff took the view that extreme circumstances merited a stay

2

of discovery, including postponement or cancellation of the deposition, irrespective of the fact that the District Court had previously denied their first motion to stay on August 31, 1999. In addition, following the filing of Plaintiffs' amended complaint, the following motions have been submitted: Defendant's Deen's motion to compel discovery (Doc. 71); Chief Morrey Deen and Sheriff Horace Dean's motions to strike Plaintiff's claim for punitive damages (Docs. 74 & 77); Defendant Deen's motions to dismiss (Doc. 76); and to compel discovery and for sanctions (Doc. 79), adopted by Defendant Ergle (Doc. 94); Defendant Martin's motions to strike and to sever (Doc. 91) and to compel discovery and for sanctions (Doc. 95). In addition, on November 8, 1999, Defendant Martin filed a motion to dismiss for want of prosecution (Doc. 101). This motion has been adopted by Defendants Horace Dean, Morrey Deen, Ken Ergle, and Marion County. Plaintiffs have failed to respond to *any* of these motions, and the Court notes that with the exception of the motions to stay, the Plaintiffs have failed to take any action in this case since the filing of their amended complaint on August 4, 1999.

It thus appears that the Plaintiffs have abandoned this action, and that they intended, by the alternative prayer in their second motion for stay, that the action be voluntarily dismissed under Rule 41 if the stay was denied (as it was). Accordingly, this action is now dismissed without prejudice.[1]  Given such dismissal, the Defendants claims for attorney's fees are severally Denied; provided, however, in the event this

---

[1]     Fed.R.Civ.P. 41(b) provides:

> For the failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

action, or one substantially similar to it, is subsequently reinstated by the Plaintiffs, the Defendants may renew the claims for attorney's fees as a condition to the maintenance of such action.  The Clerk is directed to enter judgment to this effect.

IT IS SO ORDERED.

DONE and ORDERED in Ocala, Florida, this ___16th___ day of December, 1999.

_____
UNITED STATES DISTRICT JUDGE

Copy to counsel of record
Copy to the Hon. Timothy J. Corrigan

AO 450 (Rev. 5/85) Judgment in a Civil Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

### JUDGMENT IN A CIVIL CASE

OCALA WOMEN'S CENTER, INC.,
a Florida Corporation, and
JAMES PENDERGRAFT, M.D.,
on their own behalves and for
the class of patients, staff, and
associated physicians,

        Plaintiffs,

v.                         Case No. 98-371-Civ-Oc-10C

CITY OF OCALA, et al.,

        Defendants.

_____/

____ **Jury Verdict**. This action came before the court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

__X__ **Decision by Court**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision has been rendered.

    **IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered December 17, 1999, this case is dismissed without prejudice.

Date: December 17, 1999

Sheryl L. Loesch
Clerk

(By) Deputy Clerk

Copy to:
Counsel of Record
Pro Se Parties (if any)



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

AWARE WOMAN CENTER FOR CHOICE,
INC., et al.,

        Plaintiffs,

v.

                               Case No. 99-5-CIV-ORL-18C

MEREDITH T. RANEY, JR., et al.,

        Defendants.

_____/

### ORDER

On September 1, 1999, this Court, invoking Local Rule 3.10, dismissed without prejudice all of the plaintiffs' claims because the plaintiffs failed to prosecute their case. Defendant Mark Hall, who mounted a vigorous defense to the plaintiffs' claims, now asks the Court to modify its September 1 order to provide (1) that the plaintiffs' claims against Mr. Hall are dismissed with prejudice, or (2) that the plaintiffs' claims against Mr. Hall are dismissed without prejudice but that Mr. Hall may recover reasonable costs and attorneys' fees. The plaintiffs failed to respond to this motion. After reviewing Mr. Hall's motion and the applicable law, the Court concludes that Mr. Hall should be allowed to recover reasonable litigation costs and attorneys' fees.

Although Local Rule 3.10, which authorizes dismissal of an action for failure to prosecute, does not provide for the recovery of costs and attorneys' fees, districts courts have the inherent power to impose sanctions such as costs and attorneys' fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-46 (1991). In considering whether to grant an award of costs and attorneys' fees, a Court should consider the interests of both the plaintiff and the defendant. *See Read Corp. v. Bibco Equip. Co.,* 145 F.R.D. 288, 290 (D.N.H. 1993). An award of costs and attorneys' fees is appropriate where



AO 72A
(Rev.8/82)

**EXHIBIT**

5

necessary to protect a defendant. *See Puerto Rico Maritime Shipping Auth. v. Leith,* 668 F.2d 46, 51 (1ˢᵗ Cir. 1981).

Here, the Court declines to dismiss the plaintiffs' action with prejudice because dismissal with prejudice is a harsh remedy that should only be granted where there exists substantial prejudice. *See Read Corp.,* 145 F.R.D. at 290. At the same time, the Court finds that the plaintiffs' failure to prosecute this case, as outlined in this Court's September 1, 1999 order, imposed a significant cost upon Mr. Hall and constitutes vexatious conduct sufficient to warrant an award of costs and attorneys' fees for Mr. Hall.

Accordingly, the Court **GRANTS** Mr. Hall's motion (doc. 62) for reconsideration of this Court's September 1, 1999 order. Furthermore, the Court **AMENDS** its September 1, 1999 order (doc. 61) to include that the plaintiffs pay to Mr. Hall reasonable costs and attorneys' fees. Mr. Hall may file a motion to assess costs and attorneys' fees, which the Court will refer to a magistrate, to determine the precise amount of costs and attorneys' fees owed by the plaintiffs to Mr. Hall.

It is **SO ORDERED** in Orlando, Florida this 21 day of October, 1999.

G. KENDALL SHARP
United States District Judge

Copies to all counsel of record

AO 72A
(Rev.8/82)